IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JONES,           )<br>          )<br>        Plaintiff,    )<br>          )<br>    vs.      )<br>          )<br>COMMISSIONER OF SOCIAL  )<br>SECURITY,        )<br>        Defendant.    )<br>_____) | 1:06-cv-1693 OWW TAG<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILING TO COMPLY WITH COURT ORDER AND WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FOR IMPROPER FILINGS<br><br>ORDER SETTING OSC HEARING ON DECEMBER 8, 2008 AT 1:30 P.M. BEFORE U.S. MAGISTRATE JUDGE THERESA A. GOLDNER, AT 1300 18th STREET, SUITE A, BAKERSFIELD, CALIFORNIA |

On November 16, 2006, Plaintiff filed the present action for judicial review of the denial of Social Security benefits. (Docs. 1,2). On November 21, 2006, the Court issued a scheduling order. (Doc. 6). The scheduling order requires Defendant to file and serve a copy of the administrative record within 120 days after service, and deems the administrative record to be an answer to the complaint. The scheduling order also requires Plaintiff to serve on Defendant a confidential letter brief within 30 days after the administrative record is served, and requires Defendant to respond to the letter brief within 35 days. The scheduling order further provides that if Defendant does not stipulate to a remand, Plaintiff must file and serve his opening brief within 30 days after Defendant's response.

1

On June 26, 2007, the parties stipulated to a remand pursuant to sentence six of 42 U.S.C. § 405(g), because the claim file and recording of the hearing before the Administrative Law Judge could not be located. (Doc. 16).  On June 26, 2007, the Court remanded the case for further proceedings, and ordered that status reports be filed at 90-day intervals thereafter in the event the claim file was not timely located. (Doc. 17).  No status reports were filed.

On July 25, 2008, Defendant lodged the administrative record.  (Docs. 20, 22).  On September 10, 2008, Plaintiff, represented by Attorney Sengthiene Bosavanh, and Defendant, represented by Attorney Elizabeth Firer, filed a pleading entitled "Stipulation and [proposed] Order" requesting an extension of time to serve Plaintiff's confidential letter brief.  (Doc. 23).  On September 11, 2008, the Court denied the request for an extension of time and ordered that "Plaintiff shall have to and including October 10, 2008, to file an opening brief with the Court and to serve it on Defendant."  (Doc. 24, p.2).  To date, no opening brief has been filed.

On November 14, 2008, a pleading entitled "Motion for Extension of Time for Filing Opening Brief" was filed, purporting to have been signed by Attorney Charles D. Oren as attorney for Plaintiff.  (Doc. 25).  The pleading details misconduct and error on the part of an employee of the Law Offices of Jeffrey Milam and "error in fully overseeing" the employee, as the reason why Plaintiff's opening brief had not been filed.  (Doc. 25, p. 2).  The alleged misconduct includes filing the Stipulation and [proposed] Order dated September 10, 2008 (Doc. 23) without the review or signature of Plaintiff's attorney. (Doc. 2, p. 2).  The Court's docket reflects that Attorney Charles D. Oren of the Law Offices of Oren & Oren, Inc. and Attorney Sengthiene Bosavanh of the Law Offices of Jeffrey Milam, are attorneys of record for Plaintiff.

On November 21, 2008, the Courtroom Deputy for the undersigned received an email from Attorney Charles D. Oren addressed to the undersigned, advising that Attorney Oren's working relationship with the Law Offices of Jeffrey Milam terminated in August 2007,  and that he was not involved in the "Motion for Extension of Time for Filing Opening Brief" filed on November 14, 2008.

///

2

The Court's order dated September 11, 2008 required Plaintiff to file his opening brief on or before October 10, 2008.  Plaintiff failed to file a brief as ordered by the Court and failed to file a timely motion for an extension of time to file the opening brief.  Further, the pleading entitled "Motion for Extension of Time for Filing Opening Brief" filed November 14, 2008 (Doc. 25) appears to be a pleading that was not authorized by the attorney whose name is affixed to the pleading as the attorney who purportedly signed it.  Finally, if the representations in the "Motion for Extension of Time for Filing Opening Brief" are accurate, it appears that the Stipulation and [proposed] Order filed September 10, 2008 (Doc. 23), was also not authorized by the attorney whose name is affixed to the pleading as the attorney who purportedly signed it.

Therefore, Plaintiff is ORDERED TO SHOW CAUSE, if any he has, why this action should not be dismissed for failure to comply with the Court's Order dated September 11, 2008 (Doc. 24). Plaintiff may file an opening brief with the Court no later than Friday, December 4, 2008, in which case the Court will consider that fact in mitigation when deciding whether to discharge this Order to Show Cause or recommend dismissal of the action.  Plaintiff's failure to file his opening brief by December 4, 2008 will result in the issuance of findings and recommendations recommending dismissal of this action for failure to comply with a Court order. Local Rule 11-110.

Further, Plaintiff's attorneys of record Sengthiene Bosavanh and Charles D. Oren are ORDERED TO SHOW CAUSE, if any they have, why the pleadings entitled "Motion for Extension of Time for Filing Opening Brief" (Doc. 25) and "Stipulation and [proposed] Order" (Doc. 23) should not be stricken as improperly filed, and why sanctions, including without limitation, monetary sanctions, should not be imposed against the attorney and/or law firm responsible for causing the misuse of an attorney's electronic signature and for failing to comply with Local Rule 7-131.  The Court wants to know who filed, or caused to be filed, the pleading entitled "Motion for Extension of Time for Filing Opening Brief" (Doc. 25), whether it was signed and authorized by Attorney Oren, and if it was not signed and authorized by him, why sanctions should not be imposed against the attorney and/or law firm who caused it to be filed in this Court.  The Court has the same concerns regarding the pleading entitled "Stipulation and [proposed] Order" (Doc. 23).

1    Plaintiff and Attorneys Sengthiene Bosavanh and Charles D. Oren, are ORDERED to file a written response to this Order to Show Cause no later than Friday, December 5, 2008 and Attorney Sengthiene Bosavanh and Attorney Oren shall appear *in person* at a hearing on this Order to Show Cause, before United States Magistrate Judge Theresa A. Goldner, at 1:30 p.m. on Monday, December 8, 2008, in the United States District Court courtroom located at 1300 18th Street, Suite A, Bakersfield, California.

Failure to respond timely to this Order to Show Cause or failure to show good cause, will result in the imposition of sanctions including monetary and terminating sanctions, and the issuance of findings and recommendations recommending dismissal of this action.

IT IS SO ORDERED.

Dated:  **November 25, 2008**              **/s/ Theresa A. Goldner**
                                           UNITED STATES MAGISTRATE JUDGE

4