# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JONES, | Case No. 1:06-cv-01693-OWW-TAG |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE AS TO ATTORNEYS SENGTHIENE BOSAVANH AND CHARLES D. OREN (Doc. 26) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | ORDER DIRECTING PLAINTIFF'S ATTORNEYS TO FILE A PROPERLY EXECUTED SUBSTITUTION OF COUNSEL NO LATER THAN TEN DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |
| Defendant. | |

The hearing on the order to show cause ("OSC") issued by this Court on November 25, 2008 (Doc. 26) came on for hearing on December 8, 2008 at 1:30 p.m. before United States Magistrate Judge Theresa A. Goldner. Respondents Sengthiene Bosavanh and Charles D. Oren appeared in person. After reading and considering the written responses each attorney filed in this matter as well as the written statement of Jeffrey Milam (Doc. 32) (a principal in the relevant transactions and communications), and after listening to the arguments of counsel Respondents at the OSC hearing, the Court rules on the OSC as follows.

**BACKGROUND**

On November 16, 2006, Plaintiff filed the present action for judicial review of the denial of Social Security benefits. (Doc. 2). On June 26, 2007, the parties stipulated to a remand pursuant to sentence six of 42 U.S.C. § 405(g) because the claim file and recording of the hearing before the Administrative Law Judge could not be located. (Doc. 16). On June 26, 2007, the Court remanded the case for further proceedings, and ordered that status reports be filed at 90-day intervals thereafter

1

in the event the claim file was not timely located. (Doc. 17). Despite the Court's order, no status reports were filed. (*See* Docket generally.)

On July 25, 2008, Defendant lodged the administrative record and the case was reopened. (Docs. 20, 21, 22). The scheduling order required Plaintiff to serve on Defendant a confidential letter brief within 30 days after the administrative record was served, and required Defendant to respond to that letter brief within 35 days. (Doc. 6). It further provided that if Defendant did not stipulate to a remand, Plaintiff must file and serve his opening brief within 30 days after Defendant's response. (*Id.*)

On September 10, 2008, Plaintiff, represented by Attorney Sengthiene Bosavanh, and Defendant, represented by Attorney Elizabeth Firer, filed a pleading entitled "Stipulation and [proposed] Order" requesting an extension of time to serve Plaintiff's confidential letter brief. (Doc. 23). On September 11, 2008, the Court denied the request for an extension of time and ordered that "Plaintiff shall have to and including October 10, 2008, to file an opening brief with the Court and to serve it on Defendant." (Doc. 24, p. 2).

On November 14, 2008, a pleading entitled "Motion for Extension of Time for Filing Opening Brief" was filed, purporting to have been signed by Attorney Charles D. Oren as attorney for Plaintiff. (Doc. 25). The pleading detailed misconduct and error on the part of an employee of the Law Offices of Jeffrey Milam and "error in fully overseeing" the employee, as the reason why Plaintiff's opening brief had not been filed. (Doc. 25, p. 2). The alleged misconduct includes filing the stipulation and [proposed] order dated September 10, 2008 (Doc. 23) without the review or signature of Plaintiff's attorney. (Doc. 2, p. 2.) The Court's docket reflected that Attorney Charles D. Oren of the Law Offices of Oren & Oren, Inc. and Attorney Sengthiene Bosavanh of the Law Offices of Jeffrey Milam, were (and remain) the attorneys of record for Plaintiff.

On November 21, 2008, the Courtroom Deputy for the undersigned received an email from Attorney Charles D. Oren addressed to the undersigned, advising that Attorney Oren's working relationship with the Law Offices of Jeffrey Milam terminated in August 2007, and that he was not involved in the "Motion for Extension of Time for Filing Opening Brief" filed on November 14, 2008.

As of November 25, 2008, the date the OSC was issued, no opening brief had been filed. Further, the pleading entitled "Motion for Extension of Time for Filing Opening Brief" filed November 14, 2008 (Doc. 25) appeared to be unauthorized by the attorney whose name was affixed to the pleading as the attorney who purportedly signed it as did the "Stipulation and [proposed] Order" filed September 10, 2008 (Doc. 23), assuming the accuracy of Attorney Oren's representations. Due to those concerns, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to comply with the Court's order dated September 11, 2008. (Docs. 24, 26). The OSC further provided that Plaintiff had until December 4, 2008, in which to file an opening brief with the Court and if he did so, the Court would consider that fact in mitigation when deciding whether to discharge the OSC or recommend dismissal of the action. (Doc. 26).

The OSC also directed Plaintiff's attorneys of record, Sengthiene Bosavanh and Charles D. Oren, to demonstrate why the pleadings entitled "Motion for Extension of Time for Filing Opening Brief" (Doc. 25) and "Stipulation and [proposed] Order" (Doc. 23) should not be stricken as improperly filed, and why sanctions should not be imposed against the attorney and/or law firm responsible for causing the misuse of an attorney's electronic signature and for failing to comply with Local Rule 7-131. (Doc. 26). Respondents were directed to explain to the Court who filed, or caused to be filed, the pleading entitled "Motion for Extension of Time for Filing Opening Brief" (Doc. 25), whether it was signed and authorized by Attorney Oren, and if it was not signed and authorized by him, why sanctions should not be imposed against the attorney and/or law firm who caused it to be filed in this Court. The Court issued the same instructions with respect to the pleading entitled "Stipulation and [proposed] Order" (Docs. 23, 26).

## DISCUSSION

**1. Order to Show Cause**

On December 5, 2008, Attorney Bosavanh filed Plaintiff's opening brief in the above-entitled proceeding. (Doc. 29). The December 5, 2008 filing substantially complies with the Court's directive to file an opening brief. In compliance with other provisions of the OSC, on December 5, 2008, Attorneys Bosavanh and Oren each filed written responses (Docs. 26, 27) presenting their separate versions of the facts giving rise to the matter of most concern to the Court, the apparently

3

unauthorized use of counsel's electronic signatures. Based thereon, the Court concludes that as a result of the division and allocation of caseload responsibilities at the Law Office of Jeffrey Milam during the period in question, Attorney Bosavanh appears to have been unaware of this proceeding, or her association therewith, until the beginning of December, 2008. The Court further concludes that the facts presented are insufficient to establish that Attorney Bosavanh knew that this case required her attention or participation before the beginning of December, 2008.

Attorney Oren represented that he had terminated his employment relationship with the law office of Jeffrey Milam sometime in the late summer or early fall of 2007. He further represented that he explicitly advised Mr. Milam, in September and October of 2007, that Mr. Oren's name was not to be used on any pleading filed with the United States District Court for the Eastern District of California in any Social Security case being handled by Mr. Milam's office. Attorney Oren further represented that he was orally assured by Mr. Milam in October, 2007 that no such use would occur. Additionally, Attorney Oren represented to the Court that he did not authorize his signature to be used in this case at any time thereafter, including on the motion for an extension of time filed November, 14, 2008 (Doc. 25), nor did he know he was still an attorney of record in this case until mid-November, 2008.

From the information provided by Attorneys Bosavanh and Oren, and Mr. Milam, it appears that the inappropriate electronic use of counsel's signature resulted from management and oversight failures that cannot be attributed to either Attorneys Bosavanh or Oren. It further appears that the documents in question were prepared and filed by staff persons within the law office at which Attorney Bosavanh worked as an employee and at which Attorney Oren formerly worked as an employee. For the foregoing reasons, and the fact that Plaintiff filed his opening brief substantially as directed in this matter, the OSC will be discharged.

**2. Substitution of Attorneys**

At the close of the December 8, 2008 hearing on the OSC, Attorneys Bosavanh and Oren were ordered to prepare and file a substitution of attorneys in this matter within 48 hours, replacing Attorney Oren with Attorney Bosavanh. The Court received a proposed substitution within that time frame but it did not conform to the provisions of Rule 83-182(g) of the Local Rules of Court:

> An attorney who has appeared in an action may substitute another attorney and thereby withdraw from the action by submitting a substitution of attorneys that shall set forth the full name and address of the new individual attorney and shall be signed by the withdrawing attorney, the new attorney, and the client. All substitutions of attorneys shall require the approval of the Court, and the words "IT IS SO ORDERED" with spaces designated for the date and signature of the Judge affixed at the end of each substitution of attorneys.

Attorney Bosavanh's and Plaintiff's signatures appeared on that document; Attorney Oren's signature did not. Another submittal by Attorney Bosavanh's office followed but, again, it did not contain Attorney Oren's signature. Attorney Bosavanh's office was advised of the non-conformity. To date, no sufficient substitution of attorneys has been submitted in this matter.

This action has been fully briefed and is ready for a decision. It is imperative that a properly executed substitution of attorneys be submitted to this Court forthwith. Attorneys Bosavanh and Oren will be given a further opportunity to file a conforming substitution of attorneys in this matter.

### **ORDER**

Based on the foregoing, the Court makes the following order:

1. The Court's November 25, 2008 order to show cause (Doc. 26) is DISCHARGED;

2. Within ten days from the date of service of this order, Attorney Sengthiene Bosavanh and Attorney Charles D. Oren (both counsel of record), are DIRECTED to file a substitution of attorneys that fully conforms to the requirements of Local Rule 83-182(g); and

3. The Clerk of Court is DIRECTED to serve a copy of this order on all counsel.

IT IS SO ORDERED.

Dated: **April 1, 2009**        **/s/ Theresa A. Goldner**
UNITED STATES MAGISTRATE JUDGE